IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBY FELICIA FRASER,<br><br>        Plaintiff,<br><br>v.<br><br>FBM, LLC, BANK OF AMERICA, N.A., *successor by merger with BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, L.P.*, and RUBIN LUBLIN, LLC,<br><br>        Defendants. | CIVIL CASE NO.<br><br>1:13-cv-02257-JEC |

### ORDER & OPINION

This case is before the Court on plaintiff's Motion to Remand [4], defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [5], and defendant Rubin Lublin, LLC's Motion for Judgment on the Pleadings [14].  The Court has reviewed the record and the arguments of the parties and, for the reasons that follow, concludes that plaintiff's Motion to Remand [4], Bank of America's Motion to Dismiss [5], and Rubin Lublin's Motion for Judgment on the Pleadings [14] should be **DENIED WITHOUT PREJUDICE.**

### BACKGROUND

This case arises out of an allegedly wrongful foreclosure.  On or around November 9, 2007, plaintiff Ruby Felicia Fraser executed a

note in favor of FBM, LLC for the principal sum of $182,043.00 (the "note"). (Notice of Removal [1] at Ex. A, at 28.) The note was secured by a security deed that plaintiff granted in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for FBM, under which plaintiff pledged as collateral real property identified as 1021 Wallace Hill Ridge, Lawrenceville, GA 30045 (the "Wallace Hill property"). (*Id.* at 26-28.) On August 26, 2011, MERS assigned the note and security deed to Bank of America. (*Id.* at 37.)

Then, on August 27, 2012 Bank of America, through Rubin Lublin, notified plaintiff that it intended to institute non-judicial foreclosure proceedings on the Wallace Hill property.[1] (*Id.* at 39.) Rubin Lublin conducted a foreclosure sale on October 2, 2012, at which Bank of America was the highest bidder and thus took title to the Wallace Hill property by deed under power. (Notice of Removal [1] at 39-44.) Bank of America subsequently filed a dispossessory proceeding against plaintiff in the Gwinnett County Magistrate Court, where it was awarded a writ of possession on May 23, 2013. (*Id.* at 46-48.)

Plaintiff filed a complaint against defendants in the Superior Court of Fulton County, Georgia on June 6, 2013, alleging counts of

---

[1] Plaintiff does not dispute that she defaulted on her obligations under the note and security deed. (*See* Br. in Support of Mot. to Dismiss [5] at 3 and Resp. [16] at 9 ("A Claim For Wrongful Foreclosure Can Be Asserted Even If Debt Is In Default").)

2

wrongful foreclosure, breach of the duty of good faith and fair dealing, violations of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") statute, O.C.G.A. §§ 16-14-1 *et seq.*, and invasion of privacy and requesting punitive damages, attorneys' fees and costs, a declaratory judgment, and injunctive relief. (Notice of Removal [1] at Ex. A, ¶¶ 18-62.)  Bank of America removed plaintiff's suit to this Court on July 8, 2013 on the bases of diversity and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332.  (Notice of Removal [1] at ¶¶ 11-29.)  Plaintiff moved for remand to state court on July 12, 2013, and Bank of America filed a motion to dismiss under Rule 12(b)(6) three days later.  (Mot. for Remand [4]; Mot. to Dismiss [5].)  Rubin Lublin filed a Motion for Judgment on the Pleadings [14] on October 8, 2013.

I.    **FEDERAL QUESTION JURISDICTION DOES NOT EXIST**

As noted, one of the bases upon which Bank of America removed plaintiff's action to this Court is that it presents a federal question.  (Notice of Removal [1] at ¶¶ 11-14.)  That assertion arises from plaintiff's allegation that defendants violated Georgia's RICO statute.  (Notice of Removal [1] at Ex. A, ¶¶ 37-45.)  There plaintiff claims that two of the underlying acts of racketeering activity are alleged violations of 18 U.S.C. §§ 1341 and 1343, which occurred when defendants "call[ed] and mail[ed] copies of published legal advertisements, notices of foreclosures, demand letters,

3

acceleration letters, and transfer documents to [p]laintiff." (*Id.* at ¶ 41.) Citing her reliance upon §§ 1341 and 1343, Bank of America maintains that federal question jurisdiction exists because plaintiff's RICO claim "arises under" federal law.[2] (Notice of Removal [1] at ¶¶ 11-14; *see also* Resp. [9] at 17-18.)

There are two manners in which a claim can arise under federal law. First, when federal law creates the cause of action that plaintiff asserts. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Second, when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* The former "accounts for the vast bulk of suits that arise under federal law"; the latter is a "'special and small category'". *Gunn v. Minton*, 568 U.S. ___, 133 S. Ct. 1059, 1064 (2013)(Roberts, C.J.)(quoting *Empire Healthchoice*, 547 U.S. at 699). Contrary to Bank of America's assertion, neither ground for federal question jurisdiction exists here.

**A.   Federal Law Did Not Create Plaintiff's Cause of Action**

First, the federal statutes cited in plaintiff's complaint do not, by themselves, provide private causes of action. Rather, they

---

[2] To the extent that Bank of America claims that "[p]laintiff clearly attempts to allege *multiple* causes of action under federal law", it cites only plaintiff's reliance upon §§ 1341 and 1343, and the Court cannot find any other federal causes of action in plaintiff's complaint. (Resp. [9] at 18 (emphasis supplied).)

4

require operation of the federal RICO statute to support civil liability.[3] Notably, plaintiff alleges only violations of the Georgia RICO statute, not the federal version. (Notice of Removal [1] at Ex. A, ¶¶ 37-45); *contra* 18 U.S.C. § 1964(c). The remainder of plaintiff's complaint similarly fails to assert causes of action created by federal law.

### B. Plaintiff's Cause of Action Does Not Raise A Substantial Federal Question

Second, adjudication of plaintiff's RICO count does not raise a substantial question of federal law. It is a long-settled principle that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, four requirements must be met for state law claims to raise a substantial question of federal law such that jurisdiction is proper. A federal issue must be (1) necessarily raised, (2) actually

---

[3] 18 U.S.C. §§ 1341, 1343; *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 501 (1985)(Marshall, J., dissenting)("Prior to RICO, no federal statute had expressly provided a private damages remedy based upon a violation of the mail or wire fraud statutes, which make it a federal crime to use the mail or wires in furtherance of a scheme to defraud."); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977)(finding no private cause of action exists under federal mail fraud statute); *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974)(finding same for mail and wire fraud statutes), *cert. denied*, 423 U.S. 837 (1975); *see also Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999)(same, collecting cases).

disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress. *Gunn*, 133 S. Ct. at 1065. Plaintiff's complaint lacks three of these elements.

First, the presence of the federal mail and wire fraud claims in plaintiff's RICO count is not necessary. To plead a violation of § 16-4-4, plaintiff must allege "that the defendant committed predicate offenses (set forth in O.C.G.A. § 16-14-3(9)) *at least twice*." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1293 (11th Cir. 2006)(emphasis supplied)(quoting *Cobb Cnty. v. Jones Grp. P.L.C.*, 218 Ga. App. 149, 152-53 (1995)), *cert. denied*, 549 U.S. 1260 (2007); O.C.G.A. § 16-14-3(8)(A). Here, defendants' alleged violations of federal law are only two of many acts of racketeering activity set forth in plaintiff's complaint. (*See* Notice of Removal [1] at Ex. A, at ¶¶ 37-40, 42-45.) Were they removed, plaintiff would be able to maintain her cause of action on the remaining predicate offenses that are based upon violations of Georgia law. To be sure, complete resolution of plaintiff's RICO claim would require a determination whether defendants violated the federal mail and wire fraud statutes, but the alleged violations of those statutes are not necessary to plaintiff's cause of action such that lack of their presence dooms it.

Second, the federal question presented by plaintiff's complaint is not substantial. The substantiality inquiry "looks [] to the

6

importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. Examples of such questions include the Government's "'direct interest in the availability of a federal forum to vindicate its own administrative action'" and the ability of a bank to purchase securities issued by the Government under an unconstitutional law. *Id.* at 1066-67 (describing the decisions in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921)). Questions of that ilk are not presented by plaintiff's complaint. Here the only federal issue at stake is application of federal criminal law in a civil context, which the Supreme Court has noted is not a question of substantial interest to the federal system. *See Tafflin v. Levitt*, 493 U.S. 455, 464-66 (1990) and *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1300-01 (11th Cir. 2008).

Third, while the *Tafflin* court described how state court application of federal criminal law in a civil context would not upset the federal-state balance, the inverse is not necessarily true. If the Court were to find that plaintiff's § 16-14-4 claim raised a substantial federal issue by citing two federal criminal statutes as predicate offenses, then the Eleventh Circuit's concern of opening the doors of federal court would be realized. *Adventure Outdoors, Inc.*, 552 F.3d at 1302-03. Permitting federal question jurisdiction to stand upon such narrow ground as is asserted in plaintiff's RICO

7

AO 72A
(Rev.8/82)

count could potentially lead to a glut of state claims being filed in federal court.  This is particularly so as § 16-14-3 explicitly permits violations of federal law to qualify as acts of racketeering activity.  O.C.G.A. § 16-14-3(9)(A)(xxix), (xxxv)-(xxxvi), (B).

The only element favoring federal question jurisdiction is that the claim is actually disputed.  Namely, defendants contend that plaintiff did not properly plead a violation of §§ 1341 and 1343 because she did not allege any intentional conduct on the part of Rubin Lublin.  (*See* Br. in Support of Mot. for Judgment on the Pleadings [14] at 17-18 and Reply [18] at 9-10.)  This single element, which is common to nearly every dispute between antagonistic parties, is insufficient to overcome the other three, which strongly favor finding that no substantial federal question exists.

While the Eleventh Circuit has held that violations of the federal mail and wire fraud statutes can give rise to federal question jurisdiction *in exceptional cases*, the Circuit made sure to emphasize that it did not hold that this outcome applies to "*every* state RICO cause of action which depends upon proving, as necessary predicate acts, a violation of the federal mail and wire fraud statutes".  *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 519, n.10 (11th Cir. 2000)(emphasis in original).  The federal question in the present case is not exceptional; it is a minor issue capable of resolution in state court without upsetting the federal-state

8

balance.  Consequently, plaintiff's complaint does not assert a substantial federal question sufficient to confer jurisdiction upon this Court.

II.  **WHETHER DIVERSITY JURISDICTION EXISTS IS DOUBTFUL**

The other basis upon which Bank of America removed plaintiff's suit to this Court is diversity.  (Notice of Removal [1] at ¶¶ 15-29.)  Bank of America makes this claim despite its acknowledgment that Rubin Lublin is a Georgia citizen.  (Notice of Removal [1] at Ex. A, ¶¶ 4, 5; Resp. [9] at 7.)  To circumvent this obstacle, Bank of America claims that plaintiff fraudulently joined the non-diverse law firm in order to deprive the Court of diversity jurisdiction.[4]  (Notice of Removal [1] at ¶¶ 18-20.)  If that is so, Bank of America argues, then the Court must disregard Rubin Lublin for purposes of determining whether complete diversity exists.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  The party claiming fraudulent joinder bears a heavy burden, as it must prove such by clear and convincing evidence. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

---

[4]  Bank of America also claims that FBM is a nominal or fraudulently joined defendant.  (Notice of Removal [1] at ¶ 21.) Because FBM is a citizen of New York, the Court does not reach that issue.

9

A defendant is fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287. To determine whether there is a possibility of a cause of action, the reviewing court must follow the forum state's pleading standards. Here those standards are found in Georgia law, which sets less stringent pleading requirements than are applied under the federal Rule 12(b)(6) standard. *See Ullah v. BAC Home Loans Serv. LP*, 538 Fed. App'x 844, 846 (11th Cir. 2013). In Georgia, a plaintiff need not plead "a winning case against the allegedly fraudulent defendant; rather, [s]he need only have a *possibility* of stating a valid cause of action" against that defendant. *Triggs,* 154 F.3d at 1287. Further, "fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms." *Ullah*, 538 Fed. App'x at 846 (citing *Bush v. Bank of N.Y. Mellon*, 313 Ga. App. 84, 89 (2011)).

In *Ullah,* the Eleventh Circuit held that a non-diverse law firm defendant was not fraudulently joined because the plaintiff sufficiently alleged collection of excess fees by the law firm and loan servicers, even though the plaintiff did not specifically refer to the law firm by name. *Id.* at 847-48. Consequently, the court found that the defendants had not proven fraudulent joinder and that diversity jurisdiction was lacking. For this reason, it vacated the

10

district court's order granting defendants' motions to dismiss and directed a remand of the action. *Id.* at 848.

In this case, who should prevail under the *Ullah/Stillwell* standard is less clear. Plaintiff's complaint does not refer to Rubin Lublin by name when recounting defendants' alleged wrongdoing, though it does refer to actions that the law firm undertook, such as publishing information about plaintiff and the foreclosure and conducting the foreclosure sale. (*See, e.g.*, Notice of Removal [1] at Ex. A, ¶¶ 21-22, 29, 41, 47-48.) With respect to plaintiff's other causes of action, particularly her claim of wrongful foreclosure, plaintiff fails to identify which defendant committed which acts. That being said, under Georgia pleading standards "conclusory statements can sufficiently state a cause of action", and Rubin Lublin had little trouble identifying allegations made against it in plaintiff's complaint. *Ullah*, 538 Fed. App'x at 848 (citing *Stillwell*, 663 F.3d at 1334 and *Ledford v. Meyer*, 249 Ga. 407, 407-08 (1982)); (*see, e.g.*, Br. in Support of Mot. for Judgment on the Pleadings [14] at 20-23).

Further, whatever the deficiencies of plaintiff's complaint, the Court is not convinced that Bank of America has carried its burden of showing that fraudulent joinder exists. Bank of America's contention is that plaintiff cannot maintain a cause of action against Rubin Lublin. (Notice of Removal [1] at ¶¶ 18-19; Resp. [9] at 12, 14.)

11

However, Georgia law acknowledges the possibility that firms *may* be liable, under certain circumstances, for wrongful actions committed while conducting, or attempting to conduct, a foreclosure sale. *See McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 130-33 (2000) (distinguishing *McCalla, Raymer, Padrick, Cobb, Nichols & Clark v. C.I.T. Fin. Servs., Inc.*, 235 Ga. App. 95 (1998) as "limited to the facts of [the] case and is not [presenting] a correct, broad statement of law generally."); *see also Gardner v. TBO Capital LLC*, ___ F. Supp. 2d ___, No. 1:13-cv-2491-WSD, 2013 WL 6271897, *8 (N.D. Ga. Dec. 4, 2013)(Duffey, J.). Whether a firm is *actually* liable depends upon the facts. Here, Bank of America appears to argue that, under state law, no independent cause of action exists for plaintiff to assert against Rubin Lublin--*not* that plaintiff cannot plead facts supporting a valid cause of action.[5]

As indicated by *Ullah*, given these considerations the proper course of action is to allow plaintiff an opportunity to amend her allegations to determine whether there is no possibility that she can prove a cause of action against the non-diverse defendant, Rubin Lublin. Plaintiff is therefore **ORDERED** to restate her claims against

---

[5] (*See, e.g.*, Notice of Removal [1] at ¶ 19 ("There is no independent basis for imposition of liability on Rubin Lublin under federal or state law") and Resp. [9] at 12 ("Under the reasoning of *Crutcher* and *McCarter*, Plaintiff cannot state a claim against Rubin Lublin"), 14 ("[T]here is no independent basis for imposition of liability on Rubin Lublin . . . under state law").)

Rubin Lublin in order to try to meet the "possibility of stating a cause of action" standard, by **MONDAY, APRIL 7, 2014**. *See* FED. R. CIV. P. 12(e).  In doing so, plaintiff should state clearly what her claims are against this law firm and what facts she alleges to believe that such claims are viable.

Defendants will then have until **MONDAY, APRIL 28, 2013,** either to reassert, and adequately explain, their basis for arguing that they can show fraudulent joinder by clear and convincing evidence, or to indicate that they do not contest the joinder of Rubin Lublin. Absent a showing by defendants of fraudulent joinder, plaintiff's suit will be remanded to the court in which she originally filed.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand [4] is **DENIED WITHOUT PREJUDICE**, Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [5] is **DENIED WITHOUT PREJUDICE**, and Rubin Lublin, LLC's Motion for Judgment on the Pleadings [14] is **DENIED WITHOUT PREJUDICE**.  Plaintiff is **ORDERED** to restate her claims against Rubin Lublin by **APRIL 7, 2014**.  Defendants will then have until **APRIL 28, 2014** to respond.

SO ORDERED, this 17th of March, 2014.

/s/ Julie E. Carnes  
JULIE E. CARNES  
CHIEF UNITED STATES DISTRICT JUDGE

13